**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Min Lu; Jun Li; Mengchen Li, | No. 22-161 |
| Petitioners, | Agency Nos.    A206-216-767 |
| v. | A206-216-768 |
| | A206-216-769 |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2023**
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and MURPHY***,
District Judge.

Lead Petitioner Min Lu, a native and citizen of the People's Republic of

China, petitioned for review of a Board of Immigration Appeals (BIA) order

affirming the Immigration Judge's (IJ) adverse credibility determination, denial

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephen J. Murphy, III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition and affirm the BIA's order.

We review for substantial evidence both the dismissal by the BIA and the adverse credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Credibility determinations are owed "special deference," and we "will only exercise our power to grant a petition for review when the evidence compels a contrary conclusion." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005) (cleaned up). If the "totality of the circumstances" provides substantial evidence for an adverse credibility determination, we will uphold it. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

Substantial evidence supports the adverse credibility finding. Lu's testimony contained four major, material, and significant inconsistencies. First, Lu was inconsistent about whether she was at home alone or with her mother when she was arrested and forced to undergo an abortion. Second, she was inconsistent about who arrested her—a man and a woman or two women. And third, she was inconsistent about whether her neighbor confronted the police during her arrest or whether her neighbor remained silent and hidden. The core of Lu's claim is that she was forced to undergo an abortion, and all three inconsistencies are directly connected to her arrest and forced abortion.[1]

---

[1] The credibility of Lu's testimony was also harmed by other inconsistencies about who took her to the hospital when she first learned that she was pregnant

2

To explain the inconsistencies in her testimony, Lu testified that she was simply nervous. The agency permissibly found that explanation to be unsatisfactory. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 890 (9th Cir. 2020) (affirming a determination of adverse credibility that was partly based on the "unconvincing" explanation that the petitioner's testimony was inconsistent because "she was nervous."). Moreover, Lu's explanation for the second inconsistency is weakened by her previous testimony to the asylum officer that the inconsistencies were merely typographical errors. And even though the "pregnancy is corroborated by undisputed documents, including [a] report from [a] hospital," that fact fails to bolster the credibility of Lu because it is not evidence that she underwent a forced abortion. Besides, even if Lu gave a plausible account for some of the discrepancies, the agency was not compelled to accept her explanations. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021). And the evidence does not compel a conclusion contrary to the BIA's ruling. *See Kaur*, 418 F.3d at 1064.

Last, we affirm the denial of protection under CAT. When "claims under [CAT] are based on the same statements . . . that the BIA determined to be not credible" for establishing eligibility for asylum, the agency may rely on the same credibility determination to deny the CAT claims. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Lu relied on the same testimony for protection

---

and whether blood was drawn at that visit, and who she first saw when she woke up at the hospital.

under CAT as for her application for asylum and withholding of removal. Because we affirm the BIA's finding that the testimony of Lu was not credible as to her application for asylum and withholding of removal, we will also deny her CAT relief on the same grounds. And because Lu's petition fails, the derivative petitions of her husband and daughter also fail. *See Kumar v. Gonzales,* 439 F.3d 520, 521, 525 (9th Cir. 2006) (denying petition for review as to derivative petitioners' application because the lead petitioner's petition for review was denied).

The motion for a stay of removal, Docket No. 2, is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**